IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TAMI S. MORROW, HEATH S. JAMES, AND SANDRA K. FULLER, individuals, and on behalf of all others similarly situated,<br>　　　Plaintiffs,<br>v.<br><br>OKLAHOMA INVESTIGATIVE GROUP, INC., an Oklahoma Corporation, dba TRICORPS SECURITY,<br>　　　Defendant. | §§§§§§§§§§§§ | CIVIL ACTION NO.<br><br>4:11-CV-00683-Y |

## JOINT STATUS REPORT AND PROPOSED DISCOVERY PLAN

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiffs Tami S. Morrow, Heath S. James, and Sandra K. Fuller and Defendant Oklahoma Investigative Group, Inc. ("the Parties") submit this Joint Status Report and Proposed Discovery Plan, pursuant to the Court's Order. Counsel for Plaintiffs, Douglas R. Johnson, and lead counsel for Defendant, Kent Smith, met on January 19, 2012, to discuss the matters addressed by the Court's order and would respectfully show the Court as follows:

(1)　　This case is a claim for unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C.A. §§ 201 et seq. Plaintiffs contend that they should have been designated employees by Defendant and paid overtime pursuant to the FLSA. Defendant contends that Plaintiff's were properly designated contractors and not entitled to overtime pay under the FLSA. Defendant also asserts a good faith defense and a limitations defense.

(2)　　There are no challenges to jurisdiction or venue at this time.

(3)　　There are no matters requiring a conference with the Court at this time.

(4)   If the parties are unable to settle this matter, Plaintiff's counsel intends to move the court to certify this matter as a collective action under Section 16(b) of the FLSA and will seek to identify additional plaintiffs. At this time, the identity of those potential additional plaintiffs is not known by Plaintiff's counsel. Plaintiff's counsel anticipates requiring three months to identify any additional plaintiffs in this case. Defendant anticipates opposing Plaintiff's request to certify the matter as a collective action. No additional defendants are anticipated at this time.

(5)   The Parties have stipulated that disclosures under Fed. R. Civ. P. 26(a)(1)(A) will not be made.

(6) (a)   The Parties anticipate conducting discovery on the following topic areas:

1. the facts and circumstances of Plaintiffs' employment with Defendant;

2. the amounts of hours actually worked by Plaintiffs during relevant periods.

(b)   The Parties anticipate discovery should be completed nine months after the Court rules on Plaintiffs' motion for certification of collective action.

(c)   The Parties do not anticipate that discovery should be conducted in phases or be limited to or focused on particular issues other than addressing Plaintiffs' motion to certify this matter as a collective action prior to normal discovery.

(7)   The Parties do not request any changes be made in the limitations on discovery imposed under the federal or local rules, or that any other limitations be imposed.

(8)   No additional orders to be issued by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c) are requested at this time.

(9)   Plaintiff has demanded a jury for this matter.

(10) The Parties could not agree to refer this case to the magistrate judge.

(11) (a) The Parties are currently engaged in settlement discussions and cannot yet evaluate the prospects for settlement at this time.

(b) Defendant has provided Plaintiffs with information relating to hours worked by Plaintiffs having some bearing on Plaintiffs' claims. Plaintiffs anticipate making a settlement offer to Defendant the week ending February 3, 2012.

(c) The Parties anticipate agreeing to a formal settlement conference after the Court has ruled on any dispositive motions filed in this case, subject to the response to item (12) following. The Parties propose such a settlement conference be held in April 2013 if the mediation discussed in item (12) does not take place.

(12) The Parties are amendable to mediation in this matter and believe it would be appropriate to hold such mediation after the Court has ruled on any dispositive motions in this case. The Parties believe mediation should be in lieu of the Court-ordered settlement negotiations contemplated by 11(c), above.

(13) Counsel for Plaintiffs and counsel for Defendant have both read the Dondi decision, 121 F.R.D. 284 (N.D. Texas 1988).

(14) The Parties propose the following schedule for this matter:

(a) Deadline to join new parties - three months after the Court has ruled on Plaintiffs' motion to certify this matter as a collective action.

(b) Deadline to amend pleadings - five months after the Court has ruled on Plaintiffs' motion to certify this matter as a collective action.

(c) Deadline for dispositive motions - ten months after the Court has ruled on Plaintiffs' motion to certify this matter as a collective action.

(d) Deadline to designate expert witnesses - six months after the Court has ruled on Plaintiffs' motion to certify this matter as a collective action.

(e) Deadline to designate responsive expert witnesses - seven months after the Court has ruled on Plaintiffs' motion to certify this matter as a collective action.

(f) Deadline to object to designation of expert witness - one month after designation of expert witness.

(g) Discovery deadline - nine months after the Court has ruled on Plaintiffs' motion to certify this matter as a collective action.

(h) Trial date - twelve months after the Court has ruled on Plaintiffs' motion to certify this matter as a collective action.

Respectfully submitted,

**DOUGLAS R. JOHNSON, ATTORNEY AT LAW**

/s/ Douglas R. Johnson
**DOUGLAS R. JOHNSON**
Texas Bar No. 24010786
99 Trophy Club Drive
Trophy Club, TX 76262
(817) 742-8774 (Telephone)
(682) 224-8932 (Facsimile)

**ATTORNEY FOR PLAINTIFF**

<u>/s/ Kent Smith</u>
**KENT R. SMITH**
Texas Bar No. 18635430

**LYNN PHAM & ROSS, LLP**
306 West Broadway Avenue
Fort Worth, TX  76104
Telephone: (817)332-8517
Telecopier: (817)332-8548

**LEAD ATTORNEY FOR DEFENDANT**
**OKLAHOMA INVESTIGATIVE GROUP, INC.**